869 F.2d 1492
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PROTECTIVE NATIONAL INSURANCE CO., Plaintiff-Appellant,
v.
Elizabeth and Merlin RICHMAN, Defendants,
v.
HOME INSURANCE COMPANY, Defendant-Appellee.
 No. 88-1438.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1989.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and EUGENE E. SILER,* Jr., Chief District Judge.
 BOYCE F. MARTIN, Jr., Circuit Judge.
 
 
 1
 Protective National Insurance Company appeals the district court's dismissal under Fed.R.Civ.P. 37 of its claim against Home Insurance Company for intentionally thwarting discovery through its willful violation of the orders of the court compelling Protective to answer more thoroughly the interrogatories of Home Insurance Company. We find that the district court abused its discretion and reverse.
 
 
 2
 The underlying case arises out of an accident between a truck and a motorcycle that occurred on August 18, 1982. The Estate of Steven Hubbell initiated a suit against Ringsby Truck Lines which was mediated and eventually settled for the amount of the mediation award of $1,400,000.00. Protective National Insurance Co. was the excess insurance carrier for Ringsby Truck Lines. Protective paid $500,000 on the settlement to the Estate of Steven B. Hubbell.
 
 
 3
 On July 17, 1986 Protective initiated the current litigation against defendants Richmond, Williams, Oakland Board of Commissioners and Home Insurance Company. All defendants except Home Insurance Company were summarily dismissed for failure to state a claim.
 
 
 4
 On August 28, 1987, Home Insurance directed interrogatories to Protective. Protective was granted several extensions of time to answer the interrogatories. On November 20, 1987, Protective submitted its answers to the interrogatories. On December 29, 1987, Home Insurance Company filed a motion to compel more specific answers to interrogatories. The motion was set for hearing on January 22, 1988. On the eve of the January 22, 1988 hearing, Protective agreed to answer the interrogatories more specifically on or before January 29, 1988.
 
 
 5
 On January 29, 1988, Protective had not submitted its promised specific answers to the interrogatories of Home Insurance. On February 1, 1988, Protective sent to Home Insurance a document entitled "Plaintiffs Answers to Interrogatories from Defendant Home Insurance Company." The document did not list the interrogatories and did not provide answers to the interrogatories. Protective claims that this document was actually an answer to Home Insurance's request for production of documents and was mistakenly entitled "Plaintiffs Answers to Interrogatories." On February 2, 1988, Home Insurance filed a motion to dismiss Protective's complaint under Fed.R.Civ.P. 37(b)(2)(C) for failure to comply with the court's order. Subsequent to the filing of the motion to dismiss, Protective provided to Home Insurance "Supplemental Answers to Interrogatories." The "supplemental answers" stated that an expert had been found but did not indicate what Home Insurance had done wrong or upon what theory Protective rested its claim. On February 9, 1988, Home Insurance filed a supplemental brief in support of its motion to dismiss asserting that the answers to the supplemental interrogatories were insufficient to provide Home Insurance with an understanding of the case Protective was asserting against it.
 
 
 6
 Without prior warning or notice at a hearing, on March 21, 1988, the district court granted Home Insurance's motion to dismiss pursuant to Fed.R.Civ.P. 37 stating that Protective was thwarting discovery and Protective had commenced its lawsuit without reasonable inquiry as to the basis of its law suit in fact or in law.[1] The district court found that Protective had not participated appropriately in discovery and had willfully violated the orders of the court. Protective had failed to honor the court's discovery orders, including a stipulated order, and its own obligations in the course of discovery. The district court noted that trial was immediately pending and that Protective had "continued to keep the parties at loggerheads because of Protective National's essential lack of a basis for this lawsuit so far." However, no proof was taken nor was the plaintiff given any time to respond to the action. Although late, plaintiffs actually did file answers to the interrogatories.
 
 
 7
 The standard for review on appeal is whether the trial court abused its discretion in dismissing the action. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, reh. denied, 429 U.S. 874 (1976). The trial court must consider the full record in determining whether to dismiss a complaint for failure to comply with a discovery order. Id. at 626. The Supreme Court in Societe Internationale v. Rogers, 357 U.S. 197 (1958) stated that Rule 37 authorized the dismissal of a complaint when failure to comply with a court order has been due to willfulness, bad faith or any other fault of the petitioner. See also Patton v. Aero Jet Ordnance Company, 765 F.2d 604 (6th Cir.1985) (where this court stated that "dismissal of an action for failure to cooperate in discovery ... may be imposed only if the court concludes that a parties failure to cooperate in discovery is due to willfulness, bad faith or fault...."). The district court's findings that Protective had willfully violated the orders of the court and had not participated properly in discovery are not fully supported by this record.
 
 
 8
 For the reasons stated above, we reverse and remand this case to the district court.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Fed.R.Civ.P. 37(b)(2)(C) provides:
 "If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an Order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others and the following:
 * * *
 (C) An order striking pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party...."